**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

| | | |
|---|---|---|
| **BORRELLI WALSH LIMITED,** | **:** | |
| **Plaintiff,** | **:** | |
| **vs.** | **:** | **CASE NO. 2:20-cv-02880** |
| **POPE INVESTMENT LLC; POPE ASSET MANAGEMENT, LLC; AND WILLIAM P. WELLS,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |

---

**BRIEF IN SUPPORT OF DEFENDANTS' POPE ASSET MANAGEMENT, LLC AND WILLIAM P. WELLS MOTION TO DISMISS DEFENDANTS FROM PLAINTIFF'S COMPLAINT PURSUANT TO <u>FED. R. CIV. P. 12(B)(6)</u> FOR FAILURE TO STATE A CAUSE OF ACTION**

**INDEX**

1.    TABLE OF AUTHORITIES ............................................................................3, 4

2.    BRIEF IN SUPPORT OF DEFENDANTS' POPE INVESTMENTS LLC
      AND WILLIAM P. WELLS MOTION TO DISMISS PLAINTIFF'S
      COMPLAINT PURSUANT TO <u>FED. R. CIV. P. 12(b)(6)</u> FOR FAILURE
      TO STATE A CLAIM ..................................................................................5

      I.      INTRODUCTION ...................................................................5

      II.     BACKGROUND....................................................................5

      III.    LEGAL STANDARDS ...........................................................6

      A.      <u>Failure to State a Claim Upon Which Relief Can be Granted</u> .................. 6

      B.      <u>Application of Tennessee Law Concerning Piercing the Corporate Veil</u>... 7

      IV.     CONCLUSION....................................................................10

# TABLE OF AUTHORITIES

**Citations**

1.   *Ashcroft v. Iqbal*, 556 U.S. 662,678 (2009); ...................................................6, 7

2.   *Association of Cleveland Firefighters v. City of Cleveland*,
     502 F. 3$^d$ 545,548 (6th Cir. 2007); ...................................................7,

3.   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007); ...........................6,7

4.   *Continental Bankers Life Insurance Company of the South v.*
     *Bank of Alamo*, 578 S.W. 2$^d$ 625, (Tenn.1979); ............................................8, 9

5.   *Edmunds v. Delta Partners, LLC*, 403 S.W. 3$^d$, 812, 822, (Tenn. Ct. App. 2012);
     at 821; at 825;....................................................................................7,8

6.   *Federal Depository Insurance Corporation v. Allen*, 584 F. Supp. 386
     at 394-395, (United States District Court, E.D., Tennessee 1984); ..................9

7.   *Hensley Manufacturing v. ProPride Inc.*, 579 F.3$^d$ 603, 613 (6th Cir. 2009); ..................7

8.   *Mayer v. Mylod*, 988 F.2$^d$ 635, 638 (6th Cir. 1993);.........................................6,7

9.   *Oceanics Schools, Inc. Barbour*, 12 S.W. 3$^d$ 135, 140 (Tn. Ct. App. 2003); ....................7

10.  *Pamperin v. Streamline Manuf. Inc.*, 276 S.W. 3$^d$ 428, 437 (2008); at 438;.................8, 9

11.  *Rogers v. Louisville Land Company*, 367 S.W. 3$^d$ 196, 215-216 (Tenn. 2012); ................8

12.  *Sanders v. Allenbrooke Nursing and Rehabilitation Center, LLC*,
     No. 2:20-CV-02001, U.S.D.C., Western District of Tennessee,
     Western Division (Sept. 22, 2002) at page 3; ..................................................6

13.  *Schlater v. Haynie*, 833 S.W. 2$^d$ 919,925 (Tenn. Ct. App. 1991);..................................8, 9

14.  *Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3$^d$ 666,
     673 (6th Cir. 2006);..............................................................................9

15.  *Underwood v. Miller*, No. M2019-00269-COA-R3-CV,
     decided Feb. 13, 2020, pp 4-5;..................................................................9

**Rules**

*Federal Rules of Civil Procedure 12(6)(b)* ...................................................................5, 6

I.      INTRODUCTION

This contract dispute between Plaintiff and Pope Investments LLC has been expanded by the Plaintiff to include two additional defendants, Pope Asset Management, LLC, a Tennessee limited liability company, ("PAM"), and William P. Wells, ("Wells").  Plaintiff's Complaint specifically outlines its causes of action against Pope Investments in paragraphs 6 through 26, alleging a contract obligation between it and the Plaintiff.  However, as will be shown below, the Complaint is silent as to any facts that either PAM or Wells is liable to the Plaintiff under Tennessee law defining the piercing of a corporate veil.  Accordingly, Defendants PAM and Wells bring this action to be dismissed as defendants pursuant to <u>Fed. R. Civ. P. 12(b)(6)</u>.

II.      BACKGROUND

This Motion, filed on behalf of Defendants PAM and Wells, arises from the Complaint filed by Plaintiff Borrelli Walsh Limited, ("Borrelli"), is deficient in its claims against the moving defendants under the standards of <u>Fed. R. Civ. P. 12(b)(6)</u> for failure to state a claim upon which relief may be granted.

A review of the Complaint reveals that only in paragraph 7 and paragraph 27 are any allegations against the moving defendants made.   In each of those paragraphs, the claims are not founded on a factual basis, but rather alleged "Upon information and belief ..." that the Defendants should be liable to Plaintiff.

In paragraph 7, the Plaintiff's cause of action against PAM is alleged upon "information and belief" followed by a series of statements that are not alleged as known facts as specifically required by Tennessee law to show the piercing of the corporate veil.

In paragraph 27, Plaintiff again - without any reference to specific facts - alleges "Upon information and belief" that Wells "operates the entities as alter egos; exercises complete dominion and control as to finances, policies, business practices, the sharing of office space and employees." Based on those allegations, Plaintiff alleges PAM and Wells are liable for an alleged contract debt between Pope Investments and Plaintiff.  These allegations, based not on fact but upon "information and belief", are, under Tennessee law, insufficient for a cause of action to pierce the corporate veil.  Most importantly, the Complaint fails to allege that the movants have committed an act of fraud or other injustice required under Tennessee law.

III.   LEGAL STANDARDS

A.   Failure to State a Claim Upon Which Relief Can Be Granted

Fed. R. Civ. P. 12(b)(6) requires a dismissal of a complaint if it fails to state a claim upon which relief can be granted.  A Rule 12(b)(6) motion permits the defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything in the complaint is true. (*Mayer v. Mylod*, 988 F.2$^d$ 635, 638 (6th Cir. 1993).)  The motion to dismiss tests only whether the plaintiff has pled a cognizable claim which allows the court to dismiss meritless cases that would waste judicial resources and require unnecessary discovery.  (*Sanders v. Allenbrooke Nursing and Rehabilitation Center, LLC*, No. 2:20-CV-02001 United States District Court, Western District of Tennessee, Western Division, (Sept. 22, 2002) at page 3.)

When evaluating a motion for failure to state a claim the court must determine whether the complaint alleges "sufficient factual matter accepted as true to 'state a clam that is plausible on its face'."  (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550

U.S. 554, 570 (2007).)  Therefore, a complaint must include factual allegations specific to each requirement defined in Tennessee law for piercing the corporate veil.

As those Supreme Court cases make clear the factual allegations, not opinions or surmises, must be enough to raise a right to relief above a speculative level.  (*Association of Cleveland Firefighters v. City of Cleveland,* 502 F.3$^d$ 545, 548 (6th Cir. 2007); *Twombly* at 555.)

To survive a motion to dismiss the claim must be sufficiently plausible on its face, requiring the Plaintiff to plead factual content that allows the court to draw the reasonable inference that a defendant is liable for the misconduct alleged. (*Twombly*, 550 U.S. at 556.)  The Complaint cannot contain only the "threadbare recitals of a cause of action's elements, supported by mere conclusory statements" which do not suffice. (*Iqbal* at 678.)

When reviewing a motion to dismiss the District Court may not consider matters beyond the complaint.  (*Hensley Manufacturing v. ProPride Inc.*, 579 F.3$^d$ 603, 613, (6th Cir. 2009).)

B.    Applications of Tennessee Law Concerning Piercing the Corporate Veil[i]

Plaintiff's Complaint as a matter of law fails to state a claim upon which relief can be granted pursuant to Tennessee's substantive requirements to pierce the corporate veil.

The Plaintiff's failure to allege any specific facts against the moving defendants does not permit the Court to allow the Complaint to move forward against PAM and Wells.

---

[i] Tennessee law treats as synonymous for purposes of liability the theories of alter ego and piercing the corporate veil. (*Edmunds v. Delta*, 403 S.W. 3$^d$ 812, 821,( Tenn. Ct. App. 2013))

Tennessee law presumes that a corporation is distinct and separate from its shareholders. (*Oceanics Schools, Inc. v. Barbour,* 12 S.W. 3ᵈ 135, 140 (Tn. Ct. App. 2003).)  This separation between shareholders and corporations extends and is equally applicable to limited liability companies in Tennessee.  (*Edmunds v. Delta Partners, LLC*, 403 S.W. 3ᵈ, 812, 822, (Tenn. Ct. App. 2012).)

The courts in Tennessee are cautioned that the doctrine of piercing the corporate veil should be applied only in "extreme circumstances to prevent the use of a corporate entity to defraud or perform illegal acts."  (*Pamperin v. Streamline Manufacturing Inc.,* 276 S.W. 3ᵈ 428, 437 (2008); *Edmunds at 822*).  The Tennessee Supreme Court has made clear that in order for the veil to be pierced the equities must substantially favor the party requesting relief, and the presumption of the corporate separate identity should  be set aside only with great caution and not precipitately.  (*Rogers v. Louisville Land Company*, 367 S.W. 3ᵈ 196, 215-216 (Tenn. 2012); *Schlater v. Haynie,* 833 S.W. 2ᵈ 919, 925 (Tenn. Ct. App. 1991))  The party wishing to negate the existence of such entity has the burden of proving facts sufficient to justify piercing the corporate veil.

In *Continental Bankers Life Insurance Company of the South v. Bank of Alamo*, 578 S.W. 2ᵈ 625, (Tenn. 1979), the Supreme Court set forth three factors required to pierce the corporate veil between a parent corporation and its subsidiary:

1.   The parent corporation exercises complete dominion over its subsidiary in finances, policy, and business practice so as to render the subsidiary with no separate mind, will or existence of its own;

8

2.      Such control must have been used to commit fraud or wrong, to perpetrate a) the violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of third parties' rights;

3.      The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

Those three factors enunciated in *Continental Bank* were further expanded by eleven criteria listed in *Federal Depository Insurance Corporation v. Allen* 584 F. Supp. 386 at 394-395, (United States District Court, E.D., Tennessee 1984).

The *Allen* factors are not conclusively determinative as to whether the corporate veil has been breached.  Rather, the courts will rely upon a combination of factors.  (*Pamperin,* 276 S.W. 3$^d$ at 438)  Even though corporate formalities have been observed, a party may challenge the corporate entity by showing that it has been the victim of some basically unfair device by which the corporation or business organization has been used to achieve an inequitable result.  (*Schlater v. Hanie*, 833 S.W. 2$^d$ 919, 925, (Tenn. Ct. App. 1991))

However, the fact that a shareholder exercises complete dominion and control over a corporation alone is insufficient to justify piercing the corporate veil.  The party seeking to pierce the corporate veil must also prove that such control must have been used to commit fraud or wrong, to perpetrate a violation of a statutory or other positive legal duty, or a dishonest or unjust act in contravention of third parties' rights.  (*Pamperin*, 276 S.W. 3$^d$ at 438; *Edmunds* at 825) However, even if a Plaintiff presents evidence sufficient to pierce the corporate veil under the *Allen* Factors, Tennessee law also requires a showing of fraud or injustice.  (*Southeast Texas Inns, Inc. v. Prime Hospitality Corp.*, 462 F.3$^d$ 666, 673 (6th Circuit 2006); *Underwood v. Miller*, No. M2019-00269-COA-R3-CV, decided Feb. 13, 2020, pp 4-5.)

9

IV.     CONCLUSION

Pursuant to well-established Tennessee law, the Complaint against Defendants PAM and Wells is required to allege an act or fraud or other inequitable conduct.  No such allegation is raised in the complaint either directly or indirectly.  Additionally, no fact has been alleged against these defendants which would permit the Court to conclude that any factual allegations other than bald conclusory statements that the corporate veil / alter ego theories of Plaintiff's case have been properly pled.

For all of the above reasons and authorities cited herein, Defendants Pope Asset Management, LLC and William P. Wells respectfully request that this Court dismiss them from the instant litigation.

Dated:  February 22, 2021                    Respectfully submitted,

                                             */s/  Philip B. Seaton*
                                             Philip B. Seaton (No. 02521)
                                             Law Offices of Philip B. Seaton
                                             939 East Riverwalk Drive
                                             Memphis, Tennessee 38120
                                             856-625-5678
                                             PBSeaton@seaton-law.com

                                             *Counsel for Defendants*
                                             *Pope Asset Management, LLC*
                                             *William P. Wells*