IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BORRELLI WALSH LIMITED, | ) )  |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-02880-SHM-atc ) |
| POPE INVESTMENTS LLC; POPE ASSET MANAGEMENT, LLC; and WILLIAM P. WELLS, | ) ) ) ) |
| Defendants. | ) ) ) |

**ORDER**

Before the Court is Defendants Pope Asset Management, LLC ("PAM") and William P. Wells's ("Wells") Motion to Dismiss for Failure to State a Claim. (D.E. No. 14.) Plaintiff Borrelli Walsh Limited ("BW") responded on March 22, 2021. (D.E. No. 19.) Defendants replied on April 5, 2021. (D.E. No. 20.)

The Complaint does not adequately allege subject matter jurisdiction. The Complaint alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1332. (D.E. No. 1 ¶ 3.) Under 28 U.S.C. § 1332, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Diversity of citizenship must be complete, i.e.,

no plaintiff and no defendant may be citizens of the same state. Wis. Dep't of Corrs. v. Schacht, 524 U.S. 381, 388 (1998). "[A] party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction." Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999) (quotation marks and citation omitted).

For purposes of diversity jurisdiction, a person is a citizen of the state in which she is domiciled. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989); Smith v. Queener, 2018 WL 3344176, at *2 (6th Cir. Jan. 4, 2018). "Residence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile." Texas v. Florida, 306 U.S. 398, 424 (1939) (collecting cases).

For purposes of diversity jurisdiction, limited liability companies have the citizenship of each of their members. Delay v. Rosenthal Collins Grp., LLC, 585 F.3d 1003, 1005 (6th Cir. 2009); see Americold Realty Tr. v. Conagra Foods, Inc., 577 U.S. 378, 1015 (2016) (citing Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990)).

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009). It is not apparent

2

from the Complaint that there is complete diversity of the parties. Although the Complaint alleges that Pope Investments LLC's sole member is PAM, the Complaint does not allege who PAM's members are, aside from Wells, nor does it allege that Wells is PAM's sole member. (D.E. No. 1 ¶¶ 7-9.)

BW is ORDERED to submit sufficient filings to establish that there is complete diversity between BW and Defendants within ten (10) days of the entry of this Order.

SO ORDERED this _____ day of July, 2021.

_____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE