```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```

| | |
|---|---|
| BORRELLI WALSH LIMITED, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 2:20-cv-02880-SHM-atc |
| | ) |
| POPE INVESTMENTS LLC; POPE | ) |
| ASSET MANAGEMENT, LLC; and | ) |
| WILLIAM P. WELLS, | ) |
| | ) |
|    Defendants. | ) |

**ORDER**

This is an action in contract. On February 23, 2021, Defendants Pope Asset Management, LLC ("PAM") and William P. Wells ("Wells") moved to dismiss Plaintiff Borrelli Walsh Limited's ("BW") Complaint. (D.E. No. 14.) That motion has been fully briefed and is now before the Court. (D.E. Nos. 19-20.) The Motion to Dismiss is GRANTED IN PART AND DENIED IN PART.

**I.    Background**

For purposes of the Motion to Dismiss, the facts are taken from the Complaint.

Pope Investments LLC's ("Pope Investments") manager and sole member is PAM. (D.E. No. 1 ¶ 7.) Pope Investments' president is Wells. (Id.)

Ing Alexander Yim Leung (also known as Ing Yim Leung, Alexander) ("Alex Ing") owed Pope Investments more than ten million dollars. (Id. ¶ 10.) Pope Investments filed a bankruptcy petition against Alex Ing in the High Court of the Hong Kong Special Administrative Regions, Court of First Instance. (Id. ¶ 11.) That court adjudged Alex Ing bankrupt on August 14, 2019. (Id. ¶ 12.)

On August 14, 2019, Pope Investments and Wells emailed Cosimo Borrelli ("Borrelli") of BW asking that BW pursue the appointment of Borrelli and G. Jacqueline Fangonil Walsh ("Walsh") as joint and several trustees of the property in Hong Kong bankruptcy proceedings No. 1577 of 2019 and conduct searches and investigations about Alex Ing to attempt to recover assets for the benefit of creditors. (Id. ¶ 1.) The terms of that engagement were expressed in an email on August 14, 2019, and were accepted by Wells by email on August 15, 2019. (Id.) The email exchange constituting the contract acknowledged that collection would be difficult and did not make any portion of the agreed-upon fee contingent on recovery. (Id. ¶¶ 17-18.)

Borrelli and Walsh were appointed trustees of Alex Ing's property on September 20, 2019. (Id. ¶ 19.) For the next several months, they undertook significant work on behalf of Pope Investments. (Id. ¶ 20.) No portion of the debt was recovered. (Id. ¶ 22.)

2

On March 11, 2020, BW sent Pope Investments an invoice. (Id. ¶ 23.) It stated fees of $101,482, capped at $100,000 per the contract, and expenses of $12,171, for a total of $112,171. (Id.)

Pope Investments never paid BW. (Id. ¶ 25-26.)

On December 7, 2020, BW filed the Complaint. (Id. ¶¶ 1-49.) BW brings two causes of action. First, BW seeks $112,171 from Pope Investments and Wells for breaching the contract ("Count 1"). (Id. ¶¶ 28-37.) Second, BW seeks to pierce the corporate veil to recover the amount owed on the contract from Wells and PAM ("Count 2"). (Id. ¶¶ 38-49.)

On February 23, 2021, PAM and Wells filed this motion to dismiss the Complaint against them (the "Motion"). (D.E. No. 14.) They argue that BW has failed to plead facts that support piercing the corporate veil because there is no allegation of fraud or injustice. (D.E. No. 14-1 at 56.)

BW responds that it has pled adequate facts to support piercing the corporate veil. (D.E. No. 19 at 69.) BW's response notes that Wells has failed to argue in the Motion that Count 1 should be dismissed against him. (D.E. No. 19 at 70.)

PAM and Wells reply that Count 1 should be dismissed against Wells because the contract was between BW and Pope Investments and did not include Wells in his individual capacity. (D.E. No. 20 at 77.)

## II. Diversity Jurisdiction and Choice of Law

The Court has diversity jurisdiction under 28 U.S.C. § 1332. BW is a private limited company incorporated and based in Hong Kong. (D.E. No. 1 ¶ 6.) Wells is a resident of Tennessee. (Id. ¶ 9.) "[A] limited liability company has the citizenship of each of its members." Delay v. Rosenthal Collins Group, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009). PAM is a Tennessee limited liability company, and all its members are residents of Tennessee. (Id. ¶ 8; D.E. No. 24 at 110-11.) PAM is a resident of Tennessee. Pope Investments is a Delaware limited liability company, and its sole member is PAM. (Id. ¶ 7.) Pope Investments is a resident of Tennessee.  The amount allegedly owed on the contract exceeds $75,000. (Id. ¶ 4.)

The Court will apply Tennessee substantive law. The parties assume Tennessee law applies. (D.E. No. 14-1 at 54; D.E. No. 19 at 72-73.) When there is no dispute that a certain state's substantive law applies, a court need not conduct a choice-of-law analysis sua sponte. See GJB Corp. v. E. Ohio Paving Co., 139 F.3d 1080, 1085 (6th Cir. 1998).

## III. Standard of Review

Rule 12(b)(6) provides for dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A Rule 12(b)(6) motion permits the "defendant to test whether, as a matter of law, the plaintiff is

4

entitled to legal relief even if everything alleged in the complaint is true." Mayer v. Mylod, 988 F.2d 635, 638 (6th Cir. 1993) (citing Nishiyama v. Dickson Cty., 814 F.2d 277, 279 (6th Cir. 1987)). A motion to dismiss tests only whether the plaintiff has pled a cognizable claim and allows the court to dismiss meritless cases that would waste judicial resources and result in unnecessary discovery. See Brown v. City of Memphis, 440 F. Supp. 2d 868, 872 (W.D. Tenn. 2006).

"To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient to state a claim to relief that is plausible on its face." Cooper Butt ex rel. Q.T.R. v. Barr, 954 F.3d 901, 904 (6th Cir. 2020) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). The court considers the plaintiff's complaint in the light most favorable to the plaintiff. Ryan v. Blackwell, 979 F.3d 519, 525 (6th Cir. 2020) (citing Ziegler v. IBP Hog Mkt., Inc., 249 F.3d 509, 512 (6th Cir. 2001)). The court accepts as true all factual allegations but does not accept legal conclusions or unwarranted factual inferences as true. Theile v. Michigan, 891 F.3d 240, 243 (6th Cir. 2018). "The plaintiff must present a facially

5

plausible complaint asserting more than bare legal conclusions." Id. (citing Twombly, 550 U.S. at 556; Iqbal, 556 U.S. at 677-678).

## IV. Analysis

### A. Count 1

PAM and Wells argue that Wells is not individually liable for payment on the contract because only Pope Investments had the power to appoint trustees and no invoice was ever sent to Wells individually. (D.E. No. 20 at 79.) That argument is unavailing at the motion to dismiss stage.

The argument advanced by PAM and Wells that Wells was not a party to the contract is more appropriate for resolution at summary judgment. See Hankinson v. R.T.G. Furniture Corp., No. 15-81139-CIV-COHN/SELTZER, 2016 WL 11721897, at *2 (S.D. Fla. Sept. 29, 2016) (refusing to interpret contract to determine whether defendants were parties to it because "[g]enerally courts may not engage in contract interpretation at the motion to dismiss stage, as these arguments are more appropriate for summary judgment" (internal quotations omitted)). BW has pled that Wells was a party to the contract, which the Court must accept as true at the motion to dismiss stage. Chaney v. Crystal Beach Capital, LLC, No. 8:10-cv-1056-T-30TGW, 2011 WL 17639, at *3 (M.D. Fla. Jan. 4, 2011) ("Plaintiffs have alleged in the complaint that NJR is a party to the contract. Therefore, the

6

Court must take the allegations as true and treat NJR as a party to the contract.").

To demonstrate that only Pope Investments had the power to appoint trustees, PAM and Wells cite documents not contained in the Complaint. (Id.) At the motion to dismiss stage, the Court considers only the allegations in the Complaint. Winget v. JP Morgan Chase Bank, N.A., 537 F.3d 565, 576 (6th Cir. 2008) (citing Kostrzewa v. City of Troy, 247 F.3d 633, 643 (6th Cir. 2001) ("When reviewing a motion to dismiss, a district court may not consider matters beyond the complaint.").

PAM and Wells make no argument that BW failed to adequately plead that Wells was individually a party to the contract. The Motion, insofar as it seeks to have Wells dismissed from Count 1, is DENIED.

### B.  **Count 2**

"The doctrine of piercing the corporate veil applies equally to cases in which a party seeks to pierce the veil of a limited liability company." Edmunds v. Delta Partners, LLC, 403 S.W.3d 812, 828 (Tenn. Ct. App. 2012).

In Tennessee, there must be allegations of fraud or injustice to justify piercing the corporate veil. The Tennessee Supreme Court has identified a three-element test for deciding when to pierce the corporate veil. Those elements are:

> (1) The parent corporation, at the time of the transaction complained of, exercises complete dominion over its subsidiary, not only of finances, but of policy and business practice in respect to the transaction under attack, so that the corporate entity, as to that transaction, had no separate mind, will or existence of its own.
>
> (2) Such control must have been used to commit fraud or wrong, to perpetuate the violation of a statutory or other positive legal duty, or a dishonest and unjust act in contravention of third parties' rights.
>
> (3) The aforesaid control and breach of duty must proximately cause the injury or unjust loss complained of.

<u>Continental Bankers Life Ins. Co. of the South v. Bank of Alamo</u>, 578 S.W.2d 625, 632 (Tenn. 1979) (adopting the three-element test for piercing the corporate veil between a parent corporation and its subsidiary); <u>see also</u> <u>Tennessee Racquetball Investors, Ltd. v. Bell</u>, 709 S.W.2d 617, 621-22 (Tenn. Ct. App. 1986) (extending the three-element test for piercing the corporate veil to reach an individual owner of a corporation for the debts of the corporation). Tennessee courts also apply a more specific eleven-factor test when deciding whether to pierce the corporate veil. That test has been stated this way:

> Factors to be considered in determining whether to disregard the corporate veil include not only whether the entity has been used to work a fraud or injustice in contravention of public policy, but also: (1) whether there was a failure to collect paid in capital; (2) whether the corporation was grossly undercapitalized; (3) the nonissuance of stock certificates; (4) the sole ownership of stock by one individual; (5) the use of the same office or business location; (6) the employment of the same employees or

8

>   attorneys; (7) the use of the corporation as an instrumentality or business conduit for an individual or another corporation; (8) the diversion of corporate assets by or to a stockholder or other entity to the detriment of creditors, or the manipulation of assets and liabilities in another; (9) the use of the corporation as a subterfuge in illegal transactions; (10) the formation and use of the corporation to transfer to it the existing liability of another person or entity; and (11) the failure to maintain arms length relationships among related entities.

Edmunds, 403 S.W.3d at 830 (citing Fed. Deposit Ins. Corp. v. Allen, 584 F. Supp. 386, 397 (E.D. Tenn. 1984)). Both tests identify fraud or injustice as a necessary component of any claim to pierce the corporate veil.

PAM and Wells argue that there are no allegations of fraud or injustice in BW's Complaint that would justify piercing the corporate veil. (D.E. No. 14-1 at 56-57.) BW responds that "a sufficient number of the elements and factors recognized in Tennessee have been pled." (D.E. No. 19 at 74.) The Complaint alleges that "PAM is the sole member of Pope Investments and Mr. Wells operates the entities as alter egos; exercises complete dominion as to finances, policy, and business practices; the entities share an office space and employees; and justice supports holding Mr. Wells and PAM liable for the Debt . . . ." (D.E. No. 1 ¶ 27.) Merely exercising dominion and control over an entity that owes a debt is not conduct that works an injustice sufficient to support piercing the corporate veil. Pamperin v. Streamline Mfg., Inc., 276 S.W.3d 428, 439 (Tenn. Ct. App. 2008)

9

("The owners of a corporation have a right to control it so long as they do not use the control to defraud creditors."); Schlater v. Haynie, 833 S.W.2d 919, 924 (Tenn. Ct. App. 1991) ("There is no general rule that stockholders, directors or officers of a corporation are liable for its debts merely because they controlled or 'dominated' the corporation."). Without allegations of fraud or injustice, beyond the allegation that Pope Investments might not be able to satisfy its debt, BW has not stated a claim for piercing the corporate veil.

The Motion to Dismiss Count 2, the piercing the corporate veil claim, is GRANTED. BW's claim for piercing the corporate veil is DISMISSED.

**V.   Conclusion**

The Motion to Dismiss Count 1 as to Wells is DENIED because BW states a contractual claim against Wells individually. The Motion to Dismiss Count 2, the piercing the corporate veil claim, is GRANTED. BW's claim for piercing the corporate veil is DISMISSED.

SO ORDERED this 4th day of August, 2021.

                                         */s/ Samuel H. Mays, Jr.*
                                         SAMUEL H. MAYS, JR.
                                         UNITED STATES DISTRICT JUDGE